interest, as soon as the said trustee shall receive from the trust estate sufficient funds therefor.

This amendment appears to me to be necessary for the plaintiff's protection, before the judgment is set aside; and the motion is only granted upon the condition that an application shall forthwith be made for the adjustment of the plaintiff's accounts, and for the payment thereof by the new trustee in the manner indicated.

Unless proceedings for such purposes are taken within thirty days the motion is denied.

Proceedings on the execution in the meantime stayed.

---

## SUPREME COURT.

WILLIAM LANCASTER agt. JAMES A. BOORMAN and others.

An *appeal* lies directly from an order of a *county judge* vacating an *order of arrest* granted by him, to the *general term* of this court.

*Kings County General Term, March,* 1861.

THE defendant Boorman was, by an order of the county judge of Kings county, held to bail in the sum of $20,000 on the 22d day of January, 1861. He was arrested, and perfected his bail on the same day. On the following day the county judge of Kings county, on the application of the defendant Boorman, without any notice to the plaintiff, made an order vacating the order of arrest, setting aside the bail, and ordering the sheriff of the county of New York, to whom the order of arrest was directed, to surrender and cancel the bond given on the arrest; and, further, ordered the plaintiff to pay $10 costs of *the motion* to the defendant within five days.

From this order the plaintiff appealed to the general term.

I. T. WILLIAMS, *for the plaintiff*,

insisted that the appeal would lie directly from the order of the county judge, vacating the order of arrest to the general term, and in support thereof made the following points:

*First.* An appeal will lie from an order of a county judge, in an action pending in this court, to the general term thereof.

1. The language of section 349 of the Code, will admit of no other interpretation whatever. The language is,

" An appeal may in like manner, and within the same time, be taken from an order made at a special term, or by a single judge of the same court, or a county or special county judge, in any stage of the action."

It will be observed that the Code is here speaking of " appeals in the supreme court . . . . from a single judge to the general term." (*Heading of chapter* 4, *title* 11, *Code.*)

This must refer to an *ex parte* order, for a county judge has no power to grant anything but an *ex parte* order. There is no provision in the Code for noticing a motion, in an action pending in the supreme court, before a county judge. The county judge granted this order by virtue of section 180 of the Code. (*See Conklin* agt. *Dutcher*, 5 *How. Pr. R.*, 386.)

The following section, 350, would seem inferentially to limit the meaning of section 349. But it must be borne in mind that section 349 was altered in 1851, while section 350 remained unchanged. In the Code 1849, while section 350 read as it now reads; section 349 read as follows: " An appeal may in like manner, and within the same time be taken from an order made by a single judge of the same court, and may thereupon be reviewed," &c. Hence the propriety of section 350. But as the amendment of section 349, was subsequent to the enactment of section 350, it con-

forms section 350 to it, and should not be conformed to section 350.

It is very clear, therefore, that the order in the present case, need not be *entered* before it is appealed from. Section 349, as amended, clearly does not contemplate such entry. It would be absurd to enter an *exparte* order of a county judge, nor yet would such a thing be practicable. Upon whose *fiat* would the clerk enter it? not upon that of the county judge, for no such authority is given to the county judge over the records of this court; not on the *fiat* of a judge of this court, for there is no provision for his interfering with the order of a county judge, and he might well decline to have the records of his court disfigured by so unseemly an entry as sometimes have or may emanate from the not too experienced hand of a county functionary.

Beside the letter of section 350, does not require it; that section refers only to orders made " upon motion." (*Savage* agt. *Relyea*, 3 *How.*, 276.)

The cases that hold that an appeal will not lie from a judgment by default do not apply to the case of an order entered *exparte*. In the former case the judgment is by *tacit* consent, &c., in the other no such consent can be inferred. In the former case, the judge or court passes upon nothing, exercises nothing but a ministerial function. In the latter the judge reviews and passes upon the whole matter, in the present case, *in review* of his former decision, and if one may judge from the result to which he came, he must be presumed to have been most profoundly exercised.

J. L. SUTHERLAND, *opposed.*

The COURT held that the appeal would lie, and was well taken.